IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**PETER LIOUNIS,**

        **Petitioner,**

**v.**                                 **Civil Action No. 3:20-CV-92**
                                       **(GROH)**

**ROBERT HUDGINS, Warden,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On June 11, 2020, the pro se Petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner is a federal inmate housed at FCI Gilmer who is challenging the validity of his conviction and sentence imposed in the United States District Court for the Eastern District of New York. On August 31, 2020, Petitioner filed a second amended petition for habeas corpus. ECF No. 7.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed without prejudice.

## II. FACTUAL AND PROCEDURAL HISTORY[1]

### A. Conviction and Sentence

On May 17, 2012, a grand jury indicted Petitioner and charged him and a co-defendant in the Eastern District of New York, case number 1:12-CR-350, in an eighteen-count indictment, with conspiracy, wire fraud, mail fraud and securities fraud. ECF No. 14.

Following a multi-week trial, Petitioner was found guilty of nine offenses, as charged in Counts 1 through 7, 9, and 16, on February 5, 2014. ECF No. 219. Petitioner was sentenced on August 22, 2014[2], to an aggregate term of 292 months of incarceration, consisting of 240 months on each of Counts 1, 2, 3, 4, 5, 6, 7 and 9, to be served concurrently with one another but consecutively to a 52 month sentence imposed for Count 16. ECF No. 249 at 3.

### B. Direct Appeal

Petitioner appealed his conviction and sentence to the Second Circuit Court of Appeals which affirmed the judgment of the district court on July 25, 2016. ECF No. 276.

### C. Post-Conviction Relief: Motions to Vacate Under 28 U.S.C. § 2255

On November 28, 2017, Petitioner filed a motion for habeas relief under 28 U.S.C. § 2255, then an amended motion on March 29, 2018. ECF Nos. 287, 295. The Government filed a response on June 29, 2018. ECF No. 302. A memorandum

---

[1] All CM/ECF references in facts sections II.A, II.B. and II.C., refer to entries in the docket of Criminal Action No. 1:12-CR-350, in the Eastern District of New York.

[2] Although the judgment was imposed on August 22, 2012, the judgment was not entered by the Clerk until August 26, 2014. ECF No. 249.

and order which denied Petitioner's motion for relief under § 2255, was entered on July 16, 2018.  ECF No. 303.

Petitioner then filed a notice of appeal of the denial of his § 2255 motion, and a motion for a certificate of appealability.  ECF Nos. 306, 307.  The District Court for the Eastern District of New York entered an order on August 22, 2018, which enjoined Petitioner from filing any further challenges to his conviction without prior authorization:

> [T]he Court hereby enjoins the defendant from filing any future motion, petition, or other document in this Court or any other federal court touching upon his 2014 conviction, without prior authorization of the Court, excepting an appeal from this Order. If the defendant wishes to make such a filing, he must submit, along with the proposed filing, a request for leave to file and an affidavit attesting that the proposed filing raises new claims over which this Court has jurisdiction. The Clerk of the Court is directed to return, without filing, any submission from the defendant (excepting an appeal from this Order) that bears this case's docket number or otherwise relates to the defendant's 2014 conviction, unless the filing is accompanied by a request for leave to file and an affidavit.

ECF No. 308 at 2.  On that same date, the court denied Petitioner's motion for a certificate of appealability.  ECF No. 309.

Petitioner filed a notice of appeal on September 7, 2018.  ECF No. 310.  The Second Circuit dismissed the appeal on October 11, 2018, because Petitioner failed to obtain a certificate of appealability from the district court, and failed to seek a certificate of appealability from the circuit court.  ECF No. 311.

D. **Claims in Instant § 2241 Petition**

The second amended § 2241 petition states four grounds for relief: (1) that Petitioner's Fourth Amendment rights were violated through his current false

imprisonment; (2) that Petitioner's Fifth Amendment and Due Process rights were violated by his indictment in the Eastern District of New York; (3) that his rights under 18 U.S.C. § 3161(b) were violated, and erroneously upheld by the Eastern District of New York and the Second Circuit Court of Appeals; and (4) that the Government committed <u>Brady</u> violations in Petitioner's criminal prosecution. ECF No. 7 at 5 – 7. Petitioner concedes that all these claims were previously presented to the Eastern District of New York. <u>Id.</u> at 7. Petitioner further concedes that he did not present his claims to either the institution where he is housed or to the Bureau of Prisons. <u>Id.</u> at 7 – 8. For relief, Petitioner requests he be released from incarceration, his sentence be vacated, his conviction record be expunged, that individuals responsible for the violations of his rights be referred to the Board of Ethics and Inspector General's Office, and that all charges against Petitioner be dismissed. <u>Id.</u> at 8. Petitioner states[3] that he is not attacking the validity of his conviction or sentence. <u>Id.</u> at 9.

### III. LEGAL STANDARDS

#### A. Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the district court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4,

---

[3] Petitioner asserts, "You cannot vacate, correct or set aside that which never existed. Here, all the EDNY USDC and Appellate Court orders, rulings and the entire proceedings with regards to United States v. Peter Liounis, 12 CR 350 . . . are ultra vires, without subject matter jurisdiction, and VOID. And actual innocence attaches to an uncharged criminal conduct. I'm humbly asking for my release and expungement of the entire record." ECF No. 7 at 9.

4

Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b), Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[4] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

Id. at 327.

---

[4] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

## IV.  ANALYSIS

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015).  In a § 2241 petition, a prisoner may seek relief from such things as the administration of his parole, computation of good time or jail time credits, prison disciplinary actions, the type of detention, and prison conditions in the facility where incarcerated. Id.; see also Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).  The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[5] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal.  In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

---

[5] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
    a.    The date on which the judgment of conviction becomes final;
    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[6] and the standard is an exacting one.  The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his <u>conviction</u> or the legality of his <u>sentence</u>.  <u>See</u> <u>United States v. Wheeler</u>, 886 F.3d 415, 428 (4th Cir. 2018); <u>In re Jones</u>, 226 F.3d 328, 333–34 (4th Cir. 2000).  When a petitioner is challenging the legality of his <u>conviction</u>, § 2255 is deemed to be "inadequate or ineffective" only when all <u>three</u> of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

<u>In re Jones</u>, 226 F.3d at 333–34.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the <u>Jones</u> test (if challenging

---

c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[6] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

the legality of his conviction) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims.  See Wheeler, 886 F.3d at 423–26.

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429.  The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler.  Id.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims.  See Wheeler, 886 F.3d at 423–26.

Despite his assertion that his claims do not attack the validity of his conviction, or sentence, Petitioner's four grounds for relief are all related to his conviction and sentence. The first ground challenges his incarceration following his conviction; the second ground challenges his indictment in the Eastern District of New York; the third ground challenges his conviction based on allegedly erroneous rulings of the Eastern District and Second

Circuit; and his fourth ground challenges his conviction based on allegedly improper evidentiary rulings. ECF No. 7 at 5 – 7. Because Petitioner's direct appeal rights have expired and Petitioner has already filed more than one unsuccessful § 2255, he may seek leave to file a successive § 2255 under § 2255(h)(2) or he can file a § 2241 relying on the § 2255(e) savings clause. Because Petitioner's argument does not rely on newly discovered evidence or a new rule of constitutional law, relief under 28 U.S.C. § 2255(h) is inappropriate. Therefore, in order for Petitioner to obtain relief under § 2241, he must rely on the § 2255(e) savings clause.

In Petitioner's challenge to his conviction, § 2241 relief is unavailable. Even if Petitioner could satisfy the first and third prongs of the Jones test, he cannot meet the requirements of the second prong. The second prong of the Jones test requires that "subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." In re Jones, 226 F.3d at 333 – 34.

Petitioner cannot meet the second prong of the Jones test because the federal crimes for which he was convicted—(Count 1) conspiracy to commit wire and mail fraud, in violation of 18 U.S.C. § 1349, (Counts 2 through 7) wire fraud, in violation of 18 U.S.C. § 1343, (Count 9) mail fraud, in violation of 18 U.S.C. § 1341, and (Count 16) securities fraud, in violation of 15 U.S.C. §§ 78j(b), and 78ff—remain criminal offenses. Accordingly, to the extent Petitioner raises a challenge to the validity of his convictions, he fails to satisfy the § 2255(e) savings clause for the Court to hear any such challenge to his convictions on the merits.

Further, because Petitioner is challenging his sentence in a § 2241, he must meet all four prongs of the Wheeler test for this Court to have jurisdiction to hear his challenge on the merits.

In this case, even if Petitioner meets the first, second, and third prongs of Wheeler, Petitioner cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, Petitioner's sentence now presents an error sufficiently grave to be deemed a fundamental defect. As no change in the law has occurred, let alone a retroactive change, the Petitioner cannot meet the fourth prong of Wheeler and no further analysis is required.

Because Petitioner cannot satisfy the savings clause of § 2255(e) under Jones or Wheeler, his claims may not be considered under § 2241, and this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).[7]

## V.  RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the petition and amended petition [ECF Nos. 1, 7] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written**

---

[7] The undersigned also notes that these challenges to Petitioner's conviction and sentence appear to violate the August 22, 2018, order of the Eastern District of New York, which enjoined Petitioner, "from filing any motion, petition, or other document in [that] Court or any other federal court touching upon his 2014 conviction, without prior authorization of the Court." E.D.N.Y. 1:12-CR-350, ECF No. 308 at 2.

**objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:   November 23, 2020

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE