IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**PETER LIOUNIS,**

        Petitioner,

v.                                                          CIVIL ACTION NO.: 3:20-CV-92
                                                                      (GROH)

**ROBERT HUDGINS, Warden**

        Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING PETITIONER'S MOTION FOR LEAVE OF THE COURT TO FILE (2) EXHIBITS

      Currently before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble on November 23, 2020. ECF No. 8. Also before the Court is the Petitioner's Motion for leave to file two exhibits in support of his objections to the R&R, filed on December 28, 2020. ECF No. 11. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of an R&R. Therein, Magistrate Judge Trumble recommends that this Court deny and dismiss the Petitioner's Second Amended § 2241 Petition [ECF No. 7] without prejudice. For purposes of this Order, the Court finds that the Petitioner timely filed his objections to the R&R on December 28, 2020. ECF No. 10. Accordingly, this matter is now ripe for adjudication.

**I. BACKGROUND**

On June 11, 2020, the Petitioner filed a Second Amended Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241, wherein he states four grounds for relief: (1) that the Petitioner's Fourth Amendment rights were violated through his current false imprisonment; (2) that the Petitioner's Fifth Amendment and Due Process rights were violated by his indictment in the Eastern District of New York; (3) that the Petitioner's rights under 18 U.S.C. § 3161(b) were violated, and erroneously upheld by the Eastern District of New York and the Second Circuit Court of Appeals; and (4) that the Government committed Brady violations in the Petitioner's criminal prosecution.  ECF No. 7 at 5–7. The Petitioner specifically states that he is not attacking the validity of his conviction or sentence imposed by the Eastern District of New York but instead argues that "no conviction exists at all," and the Petitioner is being unlawfully held.  Id. at 9.  For relief, he requests that the Court immediately release him from incarceration, vacate his sentence, expunge his conviction from his record, refer the individuals responsible for the violations of his rights to the Board of Ethics and Inspector General's Office, and dismiss all of the charges.  Id. at 8.

Upon reviewing the record, the Court finds that the background and facts as explained in the R&R accurately and succinctly describe the circumstances underlying the Petitioner's claims.  For ease of review, the Court incorporates those facts herein.

**II. LEGAL STANDARDS**

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a de novo or any other standard, the

factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  Thomas v. Arn, 474 U.S. 140, 150 (1985).  Further, failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir.1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.1984).  Pursuant to this Court's local rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection."  LR PL P 12(b).  The local rules also prohibit objections that "exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation."  LR PL P 12(d).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary."  Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review."  Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).  "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review."  Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review).  Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario 313 F.3d at 766.  Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; see also Fed. R. Civ. P. 72(b); LR PL P 12.  Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

### III. DISCUSSION

Upon review of all the filings in this matter, the Court finds that the Petitioner has presented no new material facts or arguments in his objections to the magistrate judge's R&R.  The Petitioner's objections only restate the same arguments and requests for relief sought in the second amended petition—which the magistrate judge considered in the R&R.  Furthermore, the Petitioner fails to address the magistrate judge's conclusion that this Court lacks jurisdiction over the second amended petition because the Petitioner fails to meet the requirements of § 2255(e)'s savings clause under In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000), or United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018).  Therefore, the Court finds that de novo review is not required because the Petitioner's

objections make no legal arguments and the factual presentation was properly considered by the magistrate judge within his R&R. See Taylor, 32 F. Supp. 3d 253, 260-61.

## IV. CONCLUSION

Accordingly, finding that Magistrate Judge Trumble's R&R carefully considers the record and applies the appropriate legal analysis, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 8] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein.  Thus, the Petitioner's Second Amended Petition [ECF No. 7] is **DENIED** and **DISMISSED WITHOUT PREJUDICE**.  This case is **ORDERED STRICKEN** from the Court's active docket.

Upon review and consideration of the Plaintiff's Motion for Leave to File (2) Exhibits, the Court finds good cause to grant the motion.  Accordingly, the Petitioner's Motion [ECF No. 11] for leave to file the two attached exhibits is **GRANTED**.

The Clerk of Court is **DIRECTED** to transmit copies of this Order to all counsel of record and the pro se Petitioner, by certified mail, at his last known address as reflected upon the docket sheet.

**DATED:** March 23, 2021

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE